(No. 13256.—Judgment reversed.)

THE PERRY COUNTY COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SAMUEL COILS, SR., Defendant in Error.)

*Opinion filed June 16, 1920—Rehearing denied October 8, 1920.*

WORKMEN'S COMPENSATION—*award cannot be sustained for defect of sight caused by pre-existing disease.* An award for partial loss of use of an eye cannot be sustained, where the evidence shows that the defective vision is in both eyes because of a pre-existing disease and is not due to nor aggravated by an injury to the claimant's eye, which he had received while he was at work.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. GEORGE A. CROW, Judge, presiding.

R. W. ROPIEQUET, for plaintiff in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Samuel Coils, Sr., was employed by the Perry County Coal Corporation in its mine, and on September 26, 1918, while he was breaking coal with a sledge, a small particle of rock flying from the sledge struck his left eye and lodged there. Medical and surgical aid were furnished by the employer, and he applied for compensation, alleging a loss or injury to his sight from the accident. Upon a hearing the arbitrator found that he had sustained fifty per cent loss of the sight of the eye and made an award accordingly. On petition for review of the decision of the arbitrator the Industrial Commission confirmed the decision and award. On a writ of *certiorari* from the circuit court of Perry county the decision of the Industrial Commission was affirmed and a writ of error was allowed by this court to bring the record here for review.

There was no dispute concerning the facts. Coils went to a doctor, who found the particle of rock lodged in the outer coating of the eye, at the junction of the iris and the

white of the eye. There was some inflammation of the eyelids but none of the iris, and the particle of rock had not gone through the outer or sclerotic coat of the eye. Coils returned to his work on September 30 and worked at his regular employment continuously up to the time of the hearing, in March, 1919, with the exception of a few chance days, not exceeding four or five in all. On February 16, 1919, Coils went to a specialist in diseases of the eye, who upon examination found that his sight was defective; that there was a defect in the vision of both eyes and the pupils did not re-act alike. The vitreous or jelly-like substance in the posterior of the eyes, behind the lenses and pupils, was filled with floating foreign bodies, which the doctor called "exudates." Coils had suffered an injury to his right eye, for which he received compensation. The doctor testified that the lens and iris of each eye were normal and the defect was due to the floating exudates or foreign bodies, which were not caused by and had no relation to the accident for which compensation was claimed; that the accident was not such as to increase or aggravate the existing condition, and that the condition was due to a pre-existing disease of many years' standing. Coils testified that he did not know there was anything wrong with the vision of his left eye before the accident, but after the accident he could not see as good as he did before and had to look closely at objects to see what they were. However that may be, the evidence was conclusive that the dimness of vision was not caused by the injury complained of. Whether Coils had a pre-existing disease, and if so, whether it affected his eyesight or not, the only evidence in the case was that his vision was not affected by the accident.

The finding of the arbitrator, confirmed by the commission and the circuit court, was without foundation because the defective vision was not caused by the accident. Therefore the judgment of the circuit court is reversed.

*Judgment reversed.*